JOSEPH DE WITT, PLAINTIFF, v. PHILIP BROWN, DEFENDANT.

Decided March 21, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Frank G. Turner*.

*Contra, John J. Quinn* and *Theodore D. Parsons*.

PER CURIAM.

There was a verdict, at the Monmouth Circuit, in favor of the plaintiff and against the defendant for the sum of $21,000. The two grounds relied upon in behalf of the de-

fendant for a new trial are, first, that the verdict is contrary to the weight of the evidence; second, that the verdict is excessive. We think neither reason presented has any merit.

On July 2d, 1927, the plaintiff was on his way home from work, and parked his automobile on Conanche Drive, in Port-au-Peck, on the left hand side of the road, for the purpose of repairing a flat tire. The plaintiff was in the employ of the Central Railroad Company, and it was about midnight when he was returning home from his work. Within five feet of where the car was parked there was an arc light, and the testimony in the case relating to that subject, permits no doubt that the car could readily be seen for a distance of two hundred feet by anyone driving along the road. The highway is fifty feet wide at that point. The defendant, at the time of the accident, was accompanied by a female companion, and returning to his hotel at Sea Bright.

The headlights of the parked car were burning, and the defendant admitted he saw the headlights of the plaintiff's car ahead of him, about two hundred feet away.

There was testimony to the effect that the defendant had been drinking, and there was a bottle of liquor found in his car. A fair reading of the testimony makes it clear that if the defendant had been using the ordinary care of a prudent person, he could not have failed to see the car in ample time to have avoided the collision.

Nor do we think the verdict is excessive. The plaintiff's employment was that of a brakeman. He was about twenty-four years of age at the time of the accident. He earned between $230 and $260 a month. After the accident he was taken to the hospital. An examination of his injuries disclosed that he had a four-inch laceration on his scalp which was sutured; fractures of the first and fourth lumbar vertebrae and a piece of bone chipped off the skull. He was put in a plaster cast in which he remained for five weeks. The testimoney of the physicians make it clear, that his injuries are of a permanent character. He will never be the same man, as to physical condition, and his capacity for work that he was before he received his injuries.

His injuries are of such a character, according to the testimony that he will never be able to do any hard work, nor do any work that requires lifting, and he will be unable to perform the duties of a brakeman on a freight train.

We cannot say, from a fair reading of the history of the plaintiff's injuries and the consequences which resulted therefrom, and will in the future follow, and the pecuniary loss he has sustained from his inability to do any work at all for a long period of time, and the expense he has incurred to pay doctors' bills and for general treatment, that the verdict is excessive.

Rule is discharged, with costs.